STAFFORD, DERBES & ROY, INC., v. DEGRUY

(November 17, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Refused.)
(January 5, 1931. Writs of Certiorari and Review Granted by Supreme Court.)
(March 2, 1931. Opinion and Decree of Supreme Court.)

Chas. I. Denechaud and Ernest J. Robin, of New Orleans, attorneys for plaintiff, appellee.

Legier, McEnerny & Waguespack, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit on five certain promissory notes executed by the defendant in favor of plaintiff, amounting in the aggregate to $816, plus interest and attorneys' fees, after an allowance of a small credit on one of the notes. The notes were given by defendant in part payment of the purchase price of certain lots of ground under an agreement to purchase dated January 6, 1926, commonly called a "bond for deed."

The answer admits the execution of the notes, but pleads want of consideration, and asks for a judgment in reconvention against plaintiff for $120, the amount paid on account of the purchase price of the property.

There was judgment below in favor of plaintiff, and defendant has appealed.

The defense of want of consideration is based upon the alleged inability of plaintiff to give a merchantable title to the property, a part of the purchase price of which is represented by the notes sued on because of the failure of plaintiff to comply with Act No. 134 of 1896 and Act No. 80 of 1922.

The first act requires all persons "owning real estate, * * * who desire to plat the same into squares or town lots to file in the office of the keeper of notarial records of the parish where the property is situated maps of such proposed towns or tracts of land before selling any part of same, and declaring any violation of this act to be a misdemeanor and providing a penalty for the violations hereof."

654

The Act No. 80 of 1922 requires all persons, firms, associations, or corporations subdividing property into lots or blocks to have the property surveyed, to cause a legal description of the land to appear on the survey, to have a certified copy of the survey filed in the office of the clerk and ex officio recorder in the parish in which the land is situated, and to further have a duplicate thereof filed in the assessor's office of such parish, and it also provides that "it shall be unlawful for any such person, firm, association or corporation to sell any of said lots or blocks until such plat has been so filed and recorded."

The property which plaintiff agreed to sell is situated in the parish of Jefferson, and consists of certain lots, the result of a subdivision by plaintiff in connection with a development known as the "Kenner Project," and is numbered 1 to 6 and 47 to 52 in square 80 on a map dated December 4, 1925, which has been introduced in evidence.

It is admitted that the plaintiff has failed to comply with the provisions of the acts relied on. The question before us is the effect of its failure to do so.

It is defendant's contention that the result of plaintiff ignoring the requirements with reference to surveying and recording the property is to make it impossible for plaintiff to tender a merchantable title, and our attention is directed to the fact that the law prohibits all clerks, recorders and notaries public placing upon their records any titles or deeds resulting from sales which have been made without complying with the provisions of this act. This argument would be more persuasive if the notes sued on grew out of a sale of the property, but, since they result only from an agreement to sell or what is popularly termed a "bond for deed," it is not convincing.

In Lambert Bros. v. Hertz, 7560 Orleans Appeals, unreported [see Louisiana and Southern Digest], this court held, with reference to a similar contract:

"We do not think that this 'Bond for Deed' was a sale or an act translative of property either under the law or in the minds of the contracting parties; there was something else to be done by both parties before the title passed; Doormans had to comply with certain conditions of the bond as a condition precedent to his right to claim a deed, and Hertz was not bound to sign a deed until Doormans had complied with them; and there was an act of sale to be passed by Hertz to Doormans on the latter complying with certain conditions. Talbot v. N. O. Land Co., 143 La. 264 [78 So. 553]."

Referring to the contract in this case, we observe that the defendant agreed to buy the property referred to, for the sum of $936, $78 cash, the balance to be represented by four notes of $168 and one note of $186. It was agreed that the failure to pay any one of the notes promptly at maturity would mature the entire series. The plaintiff herein, the owner of the property, agreed that it would, "when the payments have been made in accordance with the terms and conditions of this agreement, deliver to the party of the second part, the usual notarial act to the premises herein described at the cost of the party of the second part, together with 'guaranty of

title' of the Louisiana Abstract and Title Guarantee Company." The effect of this agreement was to obligate the plaintiff, the owner of the property, to deliver a good title guaranteed as set forth in the agreement when all the notes representing the purchase price had been paid. It may well be that, when the obligation of the defendant under this agreement has been met, the plaintiff will be able to comply with the terms of the Acts of 1896 and 1922 referred to by counsel, and then be in a position to tender a title which the abstract company will be willing to guarantee and defendant willing to accept, thus discharging its obligation under the contract. Should it develop hereafter that the plaintiff is unable or unwilling to comply with its undertaking under the agreement to sell, the defendant would not be without remedy, and the objections raised in this case would then be pertinent and perhaps decisive of the issue in appropriate litigation. At. this time, however, we believe this point to be premature, because it may develop to be premature, because to defendant the provisions of the two acts shall have been complied with and a guaranty bond offered, in which event, as we view the matter, the defendant would be without cause of complaint under his agreement to purchase the property involved in this litigation.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., takes no part.